[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
PLAINTIFF'S MOTION FOR RECONSIDERATION AND RECTIFICATION [RECERTIFICATION]
The plaintiff, Richard Renz, asks the court to rectify and reconsider its decision filed on November 17, 1992, in which this court dismissed in part and sustained [n part the plaintiff's appeal from the decision of the defendant Planning Zoning Commission of the Town of Monroe ("PZC"). The Planning Zoning Commission granted the plaintiff's application for a special excavation permit subject to seventy-eight conditions which regulate the plaintiff's nonconforming use of his land. (The plaintiff operates a pre-existing nonconforming excavation operation on his land, which is located in a residential zone.) The plaintiff now asks the court to reconsider its decision with respect to the court's interpretation of 117-2114.A of the Monroe Zoning Regulations ("Zoning Regulations") which provides that: CT Page 8578
 Any existing excavation operation which was commenced prior to any regulation relating thereto and is presently being conducted without a permit may be continued, provided that said continued operation is carried on in accordance with these regulations relating to grading, drainage, slopes and restoration provisions, and be subject to issuance of a permit under the requirements of this Article XXI.
The interpretation of 117-2114.A was a threshold issue in the plaintiff's appeal because this provision states which other provisions of Article XXI[1] an applicant must comply with in order to obtain a special excavation permit for a prior existing nonconforming excavation operation. The plaintiff also asks the court to reconsider its ruling with respect to condition five, which the Planning Zoning Commission attached to the plaintiff's special excavation permit. The court held that this condition was authorized by the zoning regulations.
"There exists no Practice Book rule on statutory provision that authorizes a motion for reargument or reconsideration in the Superior Court." Anderson v. Shapiro, 2 CSCR 887 (July 29, 1987, Licari, J.). "As a practical matter, however, such a motion is recognized and allowed in the discretion of the trial court." Id. The court "is not precluded from reexamining its own decision, within a reasonable time after their rendition, if it appears that otherwise injustice may result because of oversight in a material issue of fact or law." Lapute v. Blount, 2 Conn. Cir. Ct. 271, 283, 198 A.2d 233 (1963), cert. denied, 151 Conn. 726 (1963).
The plaintiff argues that 117-2114.A of the Zoning Regulations does not require an owner of a pre-existing nonconforming use to adhere to all of the provisions of Article XXI of the Monroe Zoning Regulations when that owner files an application for a special excavation permit pursuant to Article XXI. Specifically, the plaintiff argues: (1) that Article XXI distinguishes between pre-existing nonconforming excavation operations and proposed excavation operations; (2) that 117-2114.A exempts pre-existing nonconforming excavation operations from having to comply with all of the regulations CT Page 8579 contained in Article XXI and only requires such an operation to comply with those regulations which relate to grading, drainage, slopes and restoration; and (3) that "[o]nly through extending the language of [117-2114.A] by implication would substantive provisions of Article XXI . . . other than those relating to grading, drainage, slopes and restoration . . . become applicable to pre-existing nonconforming excavations."
Plaintiff's argument in support of his motion to reconsider is essentially the same argument that was raised in his appeal from the decision of the Planning Zoning Commission of the Town of Monroe.[2] Plaintiff offers a new legal authority which the court should consider, or which would change the court's interpretation of 117-2114.A of the Zoning Regulations. The[3] court's interpretation of 117-2114.A which held that this section required the plaintiff to comply with all of the provisions within Article XXI of the zoning regulations which provide requirements for the granting of a special permit works no injustice on the plaintiff, as the court's ruling with respect to the applicability of this section: (1) does not deprive the plaintiff of his right to continue to operate his pre-existing nonconforming excavation operation; (2) does not limit the volume of business that the plaintiff may conduct; and (3) does not require the plaintiff to comply with conditions which are not authorized by either the Zoning Regulations or a previous stipulated judgment entered in Renz v. Monroe Zoning Board of Appeals, Superior Court, judicial district of Fairfield Court at Bridgeport, Docket No. 114863 (1982).
The plaintiff contends that Condition Five of the special excavation permit is an unconstitutional infringement upon the plaintiff's nonconforming use. The plaintiff also contends that this condition improperly limits the volume of business that could be conducted pursuant to this nonconforming use, as this condition limits the plaintiff to no more than thirty-two export vehicles per work day. In response, the Planning Zoning Commission contends this condition is authorized by the zoning regulations, and that it may regulate the plaintiff's off-site activities pursuant to its police power to regulate in order to protect the public health, safety and welfare.
The constitutionality issue was not briefed in conjunction with the plaintiff's appeal. Issues not briefed are considered abandoned. State v. Ramsundar, 204 Conn. 4, 16, 526 A.2d 1311
(1987). CT Page 8580
"[A] mere increase in the amount of business dune pursuant to a nonconforming use is not an illegal expansion of the original use." Zachs. v. Zoning Board of Appeals, 218 Conn. 324,331, 589 A.2d 351 (1991). "[A] utilization of the property so that it may be known in the neighborhood as being employed for a given purpose . . . [prescribes] neither the extent nor the quantity nor the quality of the use which may be permitted to continue . . . ." (Citation omitted.) DiBlasi v. Zoning Board of Appeals, 224 Conn. 823, 831, ___ A.2d ___ (1993). "More of the same . . . cannot be the basis for a finding of an unlawful expansion of a prior existing nonconforming use." Hall v. Brazzale, 31 Conn. App. 342, 349, ___ A.2d ___ (1993).
It is clear that the Planning and Zoning Commission cannot control or limit the volume of the plaintiff's business. Thus, if the Planning Zoning Commission attempted to limit the amount of material that the plaintiff could excavate and sell, the Planning Zoning Commission's actions would be impermissible. However, in the present case, the Planning Zoning Commission is limiting the amount of export trucks that may depart from the plaintiff's premises.
The plaintiff presents no evidence as to how a limit of thirty-two export trucks per day would affect the volume of the plaintiff's business.
In asking the court to reconsider its ruling, the plaintiff relies on a recently decided case, Hall v. Brazzale, supra, in which the Appellate Court held that the defendant's use of his property as a storage site for all of his business vehicles was legally protected as an intensification of his prior existing nonconforming use of his property as a storage site for same of his vehicles. Id., 349-50. In so doing, the court reasoned that "neither the commissioner nor the [trial] court made any findings of adverse effects on the neighborhood from the increase in the number of vehicles and amount of equipment. . . ." Id., 349.
In the present case, the Planning and Zoning Commission's reason for attaching condition five to the plaintiff's special permit was based on evidence of significant off-site impact of the plaintiff's truck traffic on the surrounding residential (neighborhoods.) Thus, Hall v. Brazzale, supra, is not CT Page 8581 authority for invalidating condition five. Furthermore, a commission may properly determine that off-site changes are "desirable in the interest of public safety" pursuant to General Statutes 8-2, and make their "effectuation a condition of the special permit." Lurie v. Planning and Zoning Commission,160 Conn. 295, 300, 278 A.2d 799 (1971).
Plaintiff's motion for reconsideration and rectification is denied.
McKEEVER, JUDGE